# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

_____
)
BORUSAN MANNESMANN BORU SANAYI )
VE TICARET A.Ş. AND BORUSAN )
MANNESMANN PIPE U.S. INC., )
)
          Plaintiffs, )
)
  v. )
)   **Court No. 20-00015**
UNITED STATES, )
)
          Defendant, )
and )
)
WHEATLAND TUBE AND NUCOR )
TUBULAR PRODUCTS INC., )
)
          Defendant-Intervenors. )
_____)

## DEFENDANT'S RESPONSE TO
## COMMENTS ON REMAND REDETERMINATION

                                BRIAN M. BOYNTON
                                Acting Assistant Attorney General

                                JEANNE E. DAVIDSON
                                Director

                                FRANKLIN E. WHITE, JR.
                                Assistant Director

OF COUNSEL:                      ROBERT R. KIEPURA
RACHEL BOGDAN                 Trial Attorney
Attorney                         U.S. Department of Justice
Office of the Chief Counsel         Civil Division
for Trade Enforcement and Compliance    Commercial Litigation Branch
U.S. Department of Commerce        P.O. Box 480, Ben Franklin Station
Washington, D.C.

Washington,  D.C. 20044
Tel: (202) 305-4436
Fax: (202)  353-0461
Email:  Robert.Kiepura@usdoj.gov

June 1, 2021                                    Attorneys  for Defendant

# TABLE OF CONTENTS

BACKGROUND..................................................................................................................2

ARGUMENT ....................................................................................................................3

      I.      Standard Of Review .........................................................................................3

      II.     The Remand Results Complied With The Court's Order On Remand And
            Should Be Sustained .......................................................................................4

CONCLUSION....................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Fujitsu Gen. Ltd. v. United States,*
    88 F.3d 1034 (Fed. Cir. 1996) .............................................................................. 3

*Gerber Food (Yunnan) Co. v. United States,*
    32 CIT 995 (2008) ................................................................................................ 5

*Hyundai Steel Co. v. United States,*
    365 F. Supp. 3d 1294 (Ct. Int'l Trade 2019)......................................................... 4

*PAM S.p.A. v. United States,*
    582 F.3d 1336 (Fed. Cir. 2009) ............................................................................ 3

*Tianjin Magnesium Int'l Co. v. United States,*
    836 F. Supp. 2d 1377 (Ct. Int'l Trade 2012).................................................... 3, 4

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

| | |
|---|---|
| _____ )<br><br>**BORUSAN MANNESMANN BORU SANAYI** )<br>**VE TICARET A.Ş. AND BORUSAN** )<br>**MANNESMANN PIPE U.S. INC.,** )<br> )<br>**Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**UNITED STATES,** )<br> )<br>**Defendant,** )<br>**and** )<br> )<br>**WHEATLAND TUBE AND NUCOR** )<br>**TUBULAR PRODUCTS INC.,** )<br> )<br>**Defendant-Intervenors.** )<br>_____ ) | **Court No. 20-00015** |

**DEFENDANT'S RESPONSE TO**
**COMMENTS ON REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments

regarding the remand results filed by the Department of Commerce pursuant to this Court's

decision and remand order. _Final Results of Redetermination Pursuant to Court Order, Borusan_

_Mannesmann Boru Sanayi Ve Ticaret A.Ş. AND Borusan Mannesmann Pipe U.S. Inc. v. United_

_States_, Court No. 20-00015, Slip Op. 21-18, April 19, 2021, ECF No. 51-1 _(Remand Results)_.

Plaintiffs filed comments in support of the remand results. Plaintiffs' Comments at 2, ECF No.

53. Defendant-Intervenors did not file comments on the remand results.

This Court should sustain the remand results because Commerce fully complied with the

Court's remand order; judgment should be entered accordingly.

## BACKGROUND

The administrative determination under review is *Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2017-2018*, 85 Fed. Reg. 3616 (Dep't of Commerce January 22, 2020) (*Final Results*) (P.R. 297), and accompanying Issues and Decision Memorandum (P.R. 292),[1] as amended in *Circular Welded Carbon Steel Standard Pipe and Tube Products from Turkey: Amended Final Results of Antidumping Duty Administrative Review*, 85 Fed. Reg. 12893 (Dep't of Commerce March 5, 2020) (P.R. 306), covering the period of review from May 1, 2017, to April 30, 2018.

In the Court's opinion and remand order, the Court remanded two issues to Commerce for further consideration. *Borusan Mannesmann Boru Sanayi Ve Ticaret A.Ş. and Borusan Mannesmann Pipe U.S. Inc., v. United States,* Court No. 20-00015, Slip Op. 21-18 (Ct. Int'l Trade February 17, 2021). The Court held that Commerce is permitted to adjust Plaintiffs' cost of production for a particular market situation (PMS) only when calculating normal value based upon constructed value under section 773(e) of the Act, as opposed to calculating normal value based upon home market sales and determining whether to disregard sales below the cost of production under section 773(b) of the Act through the sales-below-cost test. *Id*. at 8-9. Accordingly, the Court ordered Commerce to "eliminate any adjustment to {Plaintiffs' cost of production} based on a PMS in the sales-below-cost test." *Id*. at 19. Additionally, regarding Commerce's application of facts available to plaintiffs in reducing the constructed export price

---

[1] "P.R." refers to public documents in the administrative record; non-public record documents are designated as "C.R." "P.R.R." refers to public documents in the administrative record on remand.

(CEP) sales prices by section 232 duties, the Court ordered Commerce to reweigh all of the evidence, including any relevant sales data, "applying normal decision-making tools without an adverse inference." *Id.* at 17-19.

In the remand results, Commerce reconsidered the two issues. Commerce continued to find that a PMS existed during the period of review but removed the PMS adjustment to plaintiffs' cost of production for purposes of the sales-below-cost test, under respectful protest. Remand Results at 5 (P.R.R. 5). Additionally, pursuant to the Court's remand order, Commerce re-examined record information involving the reduction of CEP sales prices by section 232 duties. *Id.* at 6. Commerce determined that record evidence indicates that none of the products that entered the U.S. affiliate's inventory from a single shipment at the end of the period of review on which 232 duties were paid were sold during the period of review. *Id.* at 6. Therefore, Commerce recalculated the weighted-average dumping margin for Plaintiffs without making an adjustment to CEP sales prices for section 232 duties. *Id.* at 7.

## ARGUMENT

## I.    Standard Of Review

In reviewing Commerce's antidumping duty determinations, the Court "must sustain 'any determination, finding or conclusion found' by Commerce unless it is 'unsupported by substantial evidence on the record, or otherwise not in accordance with law.'" *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting 19 U.S.C. § 1516a(b)(1)(B)). "Substantial evidence" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" and requires "'more than a scintilla'" of evidence. *PAM S.p.A. v. United States*, 582 F.3d 1336, 1339 (Fed. Cir. 2009) (citation omitted). This standard applies equally to remand redeterminations. *See, e.g., Tianjin Magnesium Int'l Co. v. United*

*States*, 836 F. Supp. 2d 1377, 1380 (Ct. Int'l Trade 2012).  This Court also reviews Commerce's remand redeterminations for compliance with the Court's remand order.  *See Hyundai Steel Co. v. United States*, 365 F. Supp. 3d 1294 (Ct. Int'l Trade 2019).

II.   **The Remand Results Complied With The Court's Order On Remand And Should Be Sustained**

The Court should sustain Commerce's remand results because Commerce complied with the Court's order on remand.  Further, no party challenges Commerce's remand results as unlawful.  Thus, the Court should sustain the remand results.

The Court held that "Commerce's adjustments to {Plaintiffs' cost of production} on account of a PMS for the purpose of the sales-below-cost test do not give effect to the unambiguously expressed intent of Congress and are therefore contrary to law."  Slip Op. at 9.  Accordingly, the Court ordered Commerce to eliminate the PMS adjustment to Plaintiffs' cost of production in the sales-below-cost test.  *Id.*  The Court also held that Commerce failed to cite substantial evidence that Plaintiffs' CEP sales included section 232 duties or explain how it arrived at such a conclusion using neutral facts available.  Slip. Op. at 18-19.  Thus, the Court ordered that Commerce reweigh all of the evidence, including any relevant sales data, with respect to the reduction of CEP sales by section 232 duties paid, applying normal decision-making tools without an adverse inference.  *Id.* at 19.

On remand, Commerce complied with the Court's order.  Commerce removed the PMS adjustment to Plaintiffs' cost of production for purposes of the sales-below-cost test.  Remand Results at 5.  Additionally, Commerce re-examined record information involving the reduction of CEP sales prices by section 232 duties and determined that the record indicates that none of the products that entered the U.S. affiliate's inventory from the shipment at issue were sold during the period of review.  *Id.* at 6.  Therefore, Commerce recalculated the weighted-average

4

dumping margin for plaintiffs without making an adjustment to CEP sales prices for section 232 duties.  *Id*. at 7.

Plaintiffs filed comments in support of the remand results.  Plaintiffs' Comments at 2, ECF No. 53.  Because all parties filing comments agree that Commerce complied with the Court's order and no party challenges the remand results as unsupported by substantial evidence or contrary to law, the Court should sustain the remand results.  *See, e.g., Gerber Food (Yunnan) Co. v. United States*, 32 CIT 995, 996 (2008) (affirming remand redetermination that complied with Court order and where no party challenged the redetermination).

CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand redetermination and enter judgment.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Robert R. Kiepura
OF COUNSEL:                                          ROBERT R. KIEPURA
RACHEL BOGDAN                                    Trial Attorney
Attorney                                                    U.S. Department of Justice
Office of the Chief Counsel                         Civil Division
for Trade Enforcement and Compliance        Commercial Litigation Branch
U.S. Department of Commerce                     P.O. Box 480, Ben Franklin Station
Washington, D.C.                                        Washington, D.C. 20044
                                                                  Tel: (202) 305-4436
                                                                  Fax: (202) 353-0461

5

Email:  Robert.Kiepura@usdoj.gov

June 1, 2021                          Attorneys for Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 1,116 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.


<u>/s/ Robert R. Kiepura</u>